STEWART, Appellant, v. JOHNSON

---

(Feb. 14, 1927.   Opinion and Decree.)
(Feb. 28, 1927.   Rehearing Refused.)

---

(Syllabus by the Court.)

1. Louisiana Digest—Appeal—Par. 625.

The finding of the trial court on matters of fact, unless clearly erroneous, will be affirmed.

Appeal from City Court, Section "C".
Hon. W. V. Seeber, Judge.

Action by Samuel B. Stewart against Wm. F. Johnson.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Louis E. Jung, of New Orleans, attorney for plaintiff, appellant.

A. B. Booth, Jr., of New Orleans, attorney for defendant, appellee.

JONES, J.   This is a suit for one hundred, forty-five and 00-100 ($145.00) dollars, with eight per cent per annum interest from April 5, 1924, and twenty per cent additional attorney's fees on a contract of lease of a washing machine.

The contract, which is attached to the petition, shows that plaintiff leased to defendant an airplane washer, motor No. 73518, serial No. 11018, for eleven and two-thirds months from April 1, 1924, for one hundred, seventy and 00-100 ($170.00) dollars, payable twenty-five and 00-100 ($25.00) dollars cash and balance at the rate of twelve and 00-100 ($12.00) dollars per month on the the 5th of each successive month.

The lessee agrees that he will keep machine at given address and will permit inspection of seller's agents at all times, that in case of default in any one payment, whole shall become due at once with interest and attorneys' fees; that in case of default lessor may take possession by force, if necessary, of machine; that if all payments are made when due, then defendant shall have the right on payment of one and 00-100 ($1.00) dollar to purchase said machine.

Defendant filed an exception of no cause of action, which was not decided.

Defendant then filed an answer admitting the lease and delivery of the machine, but averring that the machine was not the new machine sold him under the contract, that it was worn and unfit for the purpose for which it was purchased, that he had written plaintiff on April 8, 1924, telling him machine was defective and demanding a new machine.

Plaintiff testified that defendant, who had first bought a Laundriette machine and made a cash payment of twenty-five and 00-100 ($25.00) dollars thereon, complained that machine was unsatisfactory and he agreed to give him the airplane in exchange; that defendant came to the store, examined the machine which was afterwards delivered to him; that defendant complained that this machine was secondhand and he then sent him a brand new machine by his salesman and had him sign the contract sued on; that he then lowered the price of machines and defendant complained that the wringer was bad and he sent a new wringer out to the house, but defendant refused to accept it.

Later on cross-examination he testified as follows:

"Q. You testified you delivered two airplanes to Johnson, is that correct?
"A. I don't know."

Mr. Brunet, salesman for plaintiff, testified that the contract sued on was signed by defendant in his presence the day the machine was delivered by him and that the cord was delivered later.

Defendant testified that he and his father had examined a worn airplane washer at plaintiff's store; that plaintiff promised to deliver a new machine, but failed to do so and delivered the old one, which he had examined at the store; that he was certain of this fact, because plaintiff had made an "X" on the machine at the store and he saw same mark on the machine when it was delivered; that cord was missing when machine was delivered and machine could not be tested until next day and that it then failed to work, because the gear shifts were rusty; that he at once notified plaintiff; that only one airplane machine had been delivered and that he had paid twenty-five and 00-100 ($25.00) dollars cash; that he was not worried about the machine being old and chipped, it was the gearing and he wanted a new machine.

The father of defendant swore he had not seen plaintiff at the shop and confirmed the defendant on other points. The mother of defendant swore that only one airplane machine had been delivered and that it would not work. They all agree that only one machine was delivered and that second-hand.

Brunet, when called to the stand in rebuttal, first stated that he got only one contract, although he delivered two airplanes and then he changed his testimony and said he got two contracts and that Mr. Stewart ought to have the contract on the first airplane in his office. If so it does not form a part of the record. There is, however, a letter from defendant's attorney written by request to the judge of the lower court on the day the case was tried (copy sent to plaintiff's attorney) in which he states that defendant had examined the numbers on the machine and that they correspond with the numbers on the contract.

It it thus seen that the plaintiff has failed to make his case certain and for the above reasons the judgment is affirmed.